UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**STRIKE 3 HOLDINGS, LLC,**
                **Plaintiff,**

                 1:25-cv-01273 (ALC)

      v.

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**JOHN DOE,** *subscriber assigned IP address 24.168.122.191*,

                **Defendant.**
-------------------------------------------------------------x

**ANDREW L. CARTER, JR.,** United States District Judge:

      **THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), ECF No. 9, and the Court being duly advised in the premises does hereby:

      **FIND, ORDER AND ADJUDGE:**

      Plaintiff established that "good cause" exists for it to serve a third-party subpoena on Spectrum (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40,* 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)); *Malibu Media, LLC v. John Does 1-11,* 2013 WL 3732839 (S.D.N.Y. 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30,* 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address, but not the telephone number or e-mail address, of the subscriber to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the subscriber.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states: the term "cable operator" means any person or group of persons

   > (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
   > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

   it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

   > A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

   by sending a copy of this Order to the subscriber.

4. Within fifteen (15) days of service of the subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not Plaintiff) with a copy of the subpoena and a copy of this order (which Plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify Plaintiff's counsel in writing, so that a record can be kept for review by the Court.

5. The subscriber shall have forty-five days (45) days from the date of service of the subpoena upon him to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. <u>The ISP shall not produce any subpoenaed information to Plaintiff during this period.</u>

6. If this 45-day period lapses without the subscriber filing a motion to contest the subpoena, the ISP shall produce to Plaintiff the information necessary to comply with the subpoena within ten (10) days thereafter.

7. The ISP may move to quash or otherwise object to any subpoena, consistent with the usual requirements of Federal Rule of Civil Procedure 45. If it does so, it shall ensure

that its filings do not disclose to Plaintiff any identifying information concerning the affected subscriber.

8. If any motion is filed to contest the subpoena, the ISP shall not produce any subpoenaed information to Plaintiff until the Court has resolved the motion and has ordered the ISP to disclose the information.

9. The ISP shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

10. Plaintiff may use the information disclosed, once it is received by Plaintiff's counsel, only for the purpose of litigating the instant case.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 9 and the letter motion at No. 7 as moot.

**SO ORDERED.**
**Dated: April 8, 2025**
  **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**